1  CLEMENT CHENG (CA Bar #198359)
   Newhope Law, PC
2  17220 Newhope Street #127
   Fountain Valley, CA 92708
3  Phone (714) 825-0555
   Fax (714) 825-0558
4
   AGNES S. CHIU (CA Bar # 158984)
5  Law Office of Agnes S. Chiu
   3733 Rosemead Blvd., Ste. 201
6  Rosemead, CA 91770

7  Attorneys for Plaintiffs and Counter-defendants

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  FARSIGHTED ENTERPRISE, INC.      )  **CASE NO: CV 11-309 R AJWx**
    dba VALUE WINDOWS & DOORS, a     )
12  California Corporation, and JINTIAN )  *[Assigned to the Honorable Manuel*
    YE an individual,                )  *Real]*
13                                   )
       Plaintiffs,                   )  ▬▬▬▬▬▬▬
14                                   )  **UNCONTROVERTRED FACTS**
              v.                     )  **AND CONCLUSIONS OF LAW**
15                                   )
    GOODY WINDOWS AND DOORS,         )  *[Filed concurrently herewith:*
16  INC, California corporation,     )     *1.  Plaintiffs' Notice of Motion for*
                                     )         *Summary Judgment;*
17     Defendant.                    )     *2.  Plaintiffs' Motion for Summary*
    _____)         *Judgment;*
18  GOODY WINDOWS AND DOORS,         )     *3.  Declaration of Jintian Ye;*
    INC., a California corporation,  )     *4.  Declaration of Shawn Wan;*
19                                   )     *5.  Declaration of Clement Cheng*
       Cross-claimant,               )     *6.  Proposed Order Granting*
20                                   )         *Plaintiffs' Motion for Summary*
              v.                     )         *Judgment.]*
21                                   )
    FARSIGHTED ENTERPRISE, INC.      )
22  dba VALUE WINDOWS & DOORS, a     )  DATE:   October 3, 2011
    California Corporation, and JINTIAN )  TIME:   10:00 a.m.
23  YE, an individual,               )  ROOM:  8
                                     )
24     Counter-defendants.           )  Complaint filed:  January 11, 2011
                                     )
25  _____)

26

27

28
            STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS IN SUPPORT OF
                  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

1  Pursuant to Local Rules 56-1, Plaintiffs Farsighted Enterprise, Inc. dba

2  Value Windows & Doors and Jintian Ye (collectively hereinafter "Plaintiffs"),

3  acting through their counsel of record in this matter, hereby submit a proposed

4  statement of uncontroverted facts and conclusions of law in support of their motion

5  for summary judgment regarding Plaintiffs' claims of patent infringement.

6

7  ## UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. FARSIGHTED ENTERPRISE, INC. d/b/a VALUE WINDOWS & DOORS is a company that manufactures and sells high quality vinyl windows and doors. | Declaration of Jintian Ye, ¶ 1 |
| 2. Jintian Ye is the President of VALUE WINDOWS & DOORS. | Declaration of Jintian Ye, ¶1 |
| 3. Jintian Ye owns U.S. Patent No. 7,731, 251, issued on June 8, 2010 and has exclusively licensed it to VALUE WINDOWS & DOORS. | Declaration of Jintian Ye, ¶ 2 |
| 4. Jintian Ye also owns U.S. Patent No. D545,979, issued on July 17, 20072010 and has exclusively licensed it to VALUE WINDOWS & DOORS. | Declaration of Jintian Ye, ¶ 3 |
| 5. Plaintiffs have never authorized Defendant to use U.S. Patent Nos. 7,731, 251 and D545,979. | Declaration of Jintian Ye, ¶ 5 |
| 6. On October 7, 2010, a contractor, by the name of Jimmy Chen, also known as Jimin Chen, at Plaintiffs' direction, ordered a single hung sample window from Defendant. | L. Yu Depo Transcript 9:2-4 |
| 7. Jimmy Chen's friend Lu Yu went to Defendant's place of business to make a cash deposit for the single hung window that Jimmy Chen ordered. | J. Chen Depo Transcript 9:14-24; L. Yu Depo Transcript 8:24 |

| | |
|---|---|
| 8.  Lu Yu picked up the GOODY window ordered by Jimmy Chen from Defendant's place of business. | L. Yu Depo Transcript 9:2-4 |
| 9.  Defendant GOODY gave Lu Yu an order invoice for the single hung window Jimmy Chen ordered and purchased. | Jintian Ye Decl. at ¶ 4; J. Chen Depo. Transcript 8:24-9:6 |
| 10. Jimmy Chen retrieved the GOODY window he ordered from Lu Yu's house and brought it to Plaintiffs for inspection. | J. Chen Depo Transcript 9:21-24 |
| 11.  The product and order information on the order invoice for the GOODY window purchased by Jimmy Chen matches identically with the corresponding information on a sticker label placed on the window purchased. | Jintian Ye Decl. at ¶ 4 |
| 12.  Plaintiffs' have photographs of a sticker label on the window purchased by Jimmy Chen, which matches identically with the corresponding information on the order invoice for the window. | Jintian Ye Decl. at ¶ 4 |
| 13.  The "due date" on the order invoice for the window purchased by Jimmy Chen is listed as 10/8/2010. | Jintian Ye Decl. at ¶ 4 |
| 14.  The "due date" on the sticker label placed on the window purchased by Jimmy Chen is listed as 10/8/2010. | Jintian Ye Decl. at ¶ 4 |
| 15.  The "PO#" on the order invoice for the window purchased by Jimmy Chen is listed as *C-Li1007W1*. | Jintian Ye Decl. at ¶ 4 |
| 16.  The "PO#" on the sticker label placed on the window purchased by Jimmy Chen is listed as *C-Li1007W1*. | Jintian Ye Decl. at ¶ 4 |
| 17.  The "frame" information on the order invoice for the window purchased by Jimmy Chen is listed as "R.F." | Jintian Ye Decl. at ¶ 4 |

| | |
|---|---|
| 18. The "frame" information on the sticker label placed on the window purchased by Jimmy Chen is listed as "R.F." | Jintian Ye Decl. at ¶ 4 |
| 19. The "item" information on the order invoice for the window purchased by Jimmy Chen is listed as "SH." | Jintian Ye Decl. at ¶ 4 |
| 20. The "window" type on the sticker label placed on the window purchased by Jimmy Chen is listed as "SH." | Jintian Ye Decl. at ¶ 4 |
| 21. The "size" information on the sticker label placed on the window purchased by Jimmy Chen is listed as "23 ¼ 35 ½. | Jintian Ye Decl. at ¶ 4 |
| 22. The "width" information on the order invoice for the window purchased by Jimmy Chen is listed as 23 ¼. | Jintian Ye Decl. at ¶ 4 |
| 23. The "height" information on the order invoice for the window purchased by Jimmy Chen is listed as 35 ½. | Jintian Ye Decl. at ¶ 4 |
| 24. The order invoice for the purchase of the window purchased by Jimmy Chen displays the name of Defendant's business GOODY WINDOWS & DOORS with an address at 12228 Barringer St, South El Monte, CA 91733 and a website address of www.goodywindowsdoors.com. | Declaration of Jintian Ye, ¶ 4 |
| 25. Eight (8) of the ten (10) elements of the utility patent of the sash lock have been admitted by Defendant to be identical to elements of Defendant's sash lock. | Declaration of Jintian Ye, ¶¶ 4 and 6; Declaration of Clement Cheng, paragraph 3 |
| 26. The patented sash lock has a base housing having a bottom that is elongated and planar. | Declaration of Jintian Ye, ¶ 8 |

| | |
|---|---|
| 27. Defendant's sash lock has a base housing having a bottom that is elongated and planar. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 2 of Plaintiffs' Requests for Admission, Set One |
| 28. The patented sash lock has a top housing fastened to the base housing. | Declaration of Jintian Ye, ¶ 8; |
| 29. Defendant's sash lock has a top housing fastened to the base housing. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 3 of Plaintiffs' Requests for Admission, Set One |
| 30. The patented sash lock has two tubular posts located near the lateral ends of the bottom of the sash lock which supports mounting fasteners. | Declaration of Jintian Ye, ¶ 8; |
| 31. Defendant's sash lock has two tubular posts located near the lateral ends of the bottom of the sash lock which supports mounting fasteners. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 5 of Plaintiffs' Requests for Admission, Set One |
| 32. The patented sash lock has two tubular posts located near the bottom of the sash lock are connected to the base housing. | Declaration of Jintian Ye, ¶ 8; |
| 33. Defendant's sash lock has two tubular posts located near the bottom of the sash lock are connected to the base housing. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 6 of Plaintiffs' Requests for Admission, Set One |
| 34. The patented sash lock has a button block extending laterally having a beleveled surface. | Declaration of Jintian Ye, ¶ 8; |
| 35. Defendant's sash lock has a button block extending laterally having a beleveled surface. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 9 of Plaintiffs' Requests for Admission, Set One |
| 36. The patented sash lock has two | Declaration of Jintian Ye, ¶ 8; |

| | |
|---|---|
| opposite end tunnels that fit snuggly over two tubular posts located near the bottom of the sash lock to maintains linear translation perpendicular to the moving direction of the plunger, wherein the button block slides relative to the base housing of the sash lock. | |
| 37.  Defendant's sash lock has two opposite end tunnels that fit snuggly over two tubular posts located near the bottom of the sash lock to maintains linear translation perpendicular to the moving direction of the plunger, wherein the button block slides relative to the base housing of the sash lock. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 10 of Plaintiffs' Requests for Admission, Set One |
| 38.  The patented sash lock has two holes formed in the bottom of the base housing located at both sides of the aperture on the upright front wall of the sash lock. | Declaration of Jintian Ye, ¶ 8; |
| 39.  Defendant's sash lock has two holes formed in the bottom of the base housing located at both sides of the aperture on the upright front wall of the sash lock. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 14 of Plaintiffs' Requests for Admission, Set One |
| 40.  The patented sash lock has a beleveled surface at a distal edge of a strike plate on the outer sash member to engage the beleveled lip portion of a plunger when the plunger rides over the strike plate. | Declaration of Jintian Ye, ¶ 8; |
| 41.  Defendant's sash lock has a beleveled surface at a distal edge of a strike plate on the outer sash member to engage the beleveled lip portion of a plunger when the plunger rides over the strike plate. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 17 of Plaintiffs' Requests for Admission, Set One |
| 42.  The patented sash lock has a button block that has a height greater | Declaration of Jintian Ye, ¶ 8; |

| | |
|---|---|
| than the surrounding walls of the base housing of the sash lock. | |
| 43. Defendant's sash lock has a button block that has a height greater than the surrounding walls of the base housing of the sash lock. | Declaration of Jintian Ye, ¶ 8; Declaration of Clement Cheng, ¶ 3; Defendant's Response to Request No. 22 of Plaintiffs' Requests for Admission, Set One |
| 44. In August or September of 2010, Defendant sold a single hung window, having all features of the sash lock and framing extrusion patents, to L.C. Plumbing, located at 3236 Peck Road, El Monte, CA 91731. | Declaration of S. Wan, ¶ 2 |
| 45. A sticker label placed on the window sold to L.C. Plumbing is identical to the sticker label placed on the window purchased by Jimmy Chen. | Declaration of S. Wan, ¶ 2 |
| 46. A GOODY WINDOWS business card with GOODY WINDOWS' business address is taped to the window sold to L.C. Plumbing. | Declaration of S. Wan, ¶ 2 |
| 47. In or around November of 2010, Defendant sold a single hung window, having features of the patented sash lock and framing extrusion, to Walnut Valley Glass, located at 18519 E. Valley Blvd., City of Industry, CA 91744. | Declaration of S. Wan, ¶ 3 |
| 48. A sticker label placed on the window sold to Walnut Valley Glass is identical to the sticker label placed on the window sold to Jimmy Chen. | Declaration of S. Wan, ¶ 3 |
| 49. The sticker label placed on the window sold to Walnut Valley Glass is identical to the sticker label placed on the window sold to L.C. Plumbing. | Declaration of S. Wan, ¶ 3 |
| 50. A GOODY WINDOWS business card with GOODY WINDOWS' business address is taped to the | Declaration of S. Wan, ¶ 3 |

| | |
|---|---|
| window sold to Walnut Valley Glass. | |
| 51.  The GOODY WINDOWS business card taped on the window sold to L.C. Plumbing is identical to the GOODY WINDOWS business card taped on the window to Walnut Valley Glass. | Declaration of S. Wan, ¶¶ 2 and 3 |
| 52.  There are 20 windows installed in an apartment complex in Rosemead, which appear to be from Defendant. | Declaration of S. Wan, ¶ 4 |
| 53.  The twenty windows that are installed in an apartment complex in Rosemead, which windows appear to be from Defendant have the features of the patented sash lock. | Declaration of S. Wan, ¶ 4 |
| 54.  Tenants from Apartment No. 23 in the Rosemead apartment complex signed a written approval on July 9, 2011 to allow Plaintiffs to disassemble the installed window. | Declaration of S. Wan, ¶ 4 |
| 55.  Plaintiffs have numerous photographs that show the external view and internal mechanism of the sash lock used on the windows installed at the Rosemead apartment complex. | Declaration of S. Wan, ¶ 4 |
| 56.  Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know who is in charge of maintaining the sales records at GOODY WINDOWS. | X. Lu Depo Transcript 19:10-12 |
| 57.  Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS maintains sales records. | X. Lu Depo Transcript 19:19-21 |
| 58.  Xiaoyue Lu who appeared for the | X. Lu Depo Transcript 27:16-19 |

| | |
|---|---|
| deposition of the Person Most Knowledgeable for GOODY WINDOWS says he is not sure who handles the order invoices at GOODY WINDOWS. | |
| 59.  Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS issues invoices to customers. | X. Lu Depo Transcript 18:10-11 |
| 60.  Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS has ever issued an invoice. | X. Lu Depo Transcript 18:12-13 |
| 61.  Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS receives orders by facsimile. | X. Lu Depo Transcript 18:14-15 |
| 62.  Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS retains copies of invoices issued for the purchase of windows. | X. Lu Depo Transcript 18:16-18 |
| 63.  Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know what documents GOODY WINDOWS retains regarding customer purchases. | X. Lu Depo Transcript 18:19-21 |
| 64.  Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY | X. Lu Depo Transcript 18:22-23 |

| | |
|---|---|
| WINDOWS says he does not know if GOODY WINDOWS has sales receipts. | |
| 65. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS maintains the sales summaries of products sold. | X. Lu Depo Transcript 18:24-19:1 |
| 66. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know who is in charge of maintaining the sales records at GOODY WINDOWS. | X. Lu Depo Transcript 19:10-12 |
| 67. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS maintains sales records. | X. Lu Depo Transcript 19:19-21 |
| 68. Otto Chen, an assistant manager at GOODY WINDOWS, who was subpoenaed to testify at a deposition did not appear for the deposition. | Declaration of Clement Cheng, ¶ 6 |
| 69. Defendant has not complied with a court order for a motion to compel the production of certain documents. | Declaration of Clement Cheng, ¶ 4 |
| 70. Defendant did not provide responses to support its contention that the patents-in-suit are invalid or unenforceable. | Declaration of Clement Cheng, ¶ 3; Defendant's Response No. 20 to Plaintiffs" Interrogatories Propounded to Defendant, Set One. |
| 71. Defendant has never produced a sample of its framing extrusion to controvert Plaintiffs' claim of design infringement. | Defendant's Response No. 16 and No. 24 to Plaintiffs' Requests for Production of Documents, Set One. |
| 72. Defendant only has inadmissible hearsay to support invalidity and unenforceability arguments. | X. Lu Depo Transcript 24:19-25 |

| CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|
| 1. This Court has subject matter jurisdiction of this adversary proceeding. | 28 U.S.C. §1338 |
| 2. Venue in this district is proper. | 28 U.S.C. §1391 |
| 3. Plaintiff's claims can be decided as a matter of law. | Fed. R. Civ. Pro. 56 |
| 4. Partial summary is appropriate for part of Plaintiffs' claims. | Fed. R. Civ. Pro. 56(a) |
| 5. No genuine issues of material fact exist regarding Defendant's patent infringement. | *Celotex v. Catrettl*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) |
| 6. Defendants have infringed upon Plaintiff's patent because the parties' respective sash locks are deceptively similar to an ordinary consumer. | Under 35 U.S.C. § 271 |
| 7. Defendant's sale of its single hung window to the public constitutes literal infringement of U.S. Patent No. 7,731,251. | *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983, 41 USPQ2d 1440, 1440 (Fed. Cir. 1997); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 821, 23 USPQ2d 1426, 1432 (Fed. Cir. 1992) |
| 8. Defendant's sale of its single hung window to the public constitutes infringement under the doctrine of equivalents. | *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983, 41 USPQ2d 1440, 1440 (Fed. Cir. 1997); |
| 9. U.S. Patent No. D545,979 has been infringed by Defendant. | *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983, 41 USPQ2d 1440, 1440 (Fed. Cir. 1997); |

Respectfully submitted.

Dated:
September 8. 2011

By:_____
CLEMENT CHENG.
Attorney for Plaintiff and Counter-defendants
FARSIGHTED ENTERPRISE. INC.. dba
VALUE WINDOWS & DOORS and JINTIAN
YE
(CA Bar #198359. Patent Bar #45463)

IT IS SO ORDERED

DATE _____ NOV. 7, 2011

U.S. DISTRICT COURT JUDGE

UNCONTROVERTED FACTS AND CONCLUSIONS IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# PROOF OF SERVICE

## FARSIGHTED ENTERPRISE, INC. DBA VALUE WINDOWS & DOORS, ET. AL V. GOODY WINDOWS AND DOORS, INC.

I, the undersigned, declare I am over the age of 18 and not a party to this action. My business address is at 17220 Newhope Street, Suite 127, Fountain Valley, CA 92708.

On the date set forth below, I served:

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
By placing true copies thereof in a seal envelope, addressed as follows to:

Ken Liang
Kenzl Law Offices
15333 Culver Dr., Ste 120
Irvine, CA 92604
Tel: (888) 536-9552
Fax: (888) 536-9584

***Attorney for Defendant***

☒ <u>BY MAIL</u>: I am readily familiar with the practice of the office for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, correspondence is put in the office outgoing mail tray for collection and is deposited in the U.S. Mail that same day in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☒ <u>FEDERAL</u>: I declare under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 8, 2011 at Fountain Valley, California.

_____
Ava Tien