CLEMENT CHENG (CA Bar #198359)
Newhope Law, PC
17220 Newhope Street #127
Fountain Valley, CA 92708
Phone (714) 825-0555
Fax (714) 825-0558

AGNES S. CHIU (CA Bar # 158984)
Law Office of Agnes S. Chiu
3733 Rosemead Blvd., Ste. 201
Rosemead, CA 91770

Attorneys for Plaintiffs and Counter-defendants

FILED
CLERK, U.S. DISTRICT COURT

JAN 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARSIGHTED ENTERPRISE, INC. dba VALUE WINDOWS & DOORS, a California Corporation, and JINTIAN YE an individual,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>GOODY WINDOWS AND DOORS, INC, California corporation,<br><br>　　　　Defendant. | CASE NO: CV 11-309 R AJWx<br><br>*[Assigned to the Honorable Manuel Real]*<br><br>[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION |
| GOODY WINDOWS AND DOORS, INC., a California corporation,<br><br>　　　　Cross-claimant,<br><br>　　　　v.<br><br>FARSIGHTED ENTERPRISE, INC. dba VALUE WINDOWS & DOORS, a California Corporation, and JINTIAN YE, an individual,<br><br>　　　　Counter-defendants. | |

On December 12, 2011, this Court granted the motion for summary

adjudication of Plaintiffs Farsighted Enterprise, Inc. dba Value Windows & Doors

and Jintian Ye (collectively hereinafter "Plaintiffs").  Plaintiffs' counsel was ordered to submit this proposed statement of uncontroverted facts and conclusions of law in support of their motion for summary adjudication regarding damages Plaintiffs sustained as a result of Defendant's patent infringement.

## PROPOSED FINDINGS OF FACT REGARDING PLAINTIFFS' DAMAGES IN LOST PROFITS AND ATTORNEY FEES.

### UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 1.  FARSIGHTED ENTERPRISE, INC. d/b/a VALUE WINDOWS & DOORS is a company that manufactures and sells high quality vinyl windows and doors. | Declaration of Jintian Ye in Support of Motion for Summary Judgment at ¶ 1 |
| 2.  Jintian Ye is the President of VALUE WINDOWS & DOORS. | Declaration of Jintian Ye in Support of Motion for Summary Judgment at ¶1 |
| 3.  Jintian Ye owns U.S. Patent No. 7,731, 251, issued on June 8, 2010 and has exclusively licensed it to VALUE WINDOWS & DOORS. | Declaration of Jintian Ye in Support of Motion for Summary Judgment at ¶ 2 |
| 4.  Jintian Ye also owns U.S. Patent No. D545,979, issued on July 17, 20072010 and has exclusively licensed it to VALUE WINDOWS & DOORS. | Declaration of Jintian Ye in Support of Motion for Summary Judgment at ¶ 3 |
| 5.   Plaintiffs have never authorized Defendant to use U.S. Patent Nos. 7,731, 251 and D545,979. | Declaration of Jintian Ye in Support of Motion for Summary Judgment at ¶ 5 |
| 6.  On October 7, 2010, a contractor, by the name of Jimmy Chen, also known as Jimin Chen, at Plaintiffs' direction, ordered a single hung sample window from Defendant. | L. Yu Depo Transcript 9:2-4 |
| 7. Jimmy Chen's friend Lu Yu went to Defendant's place of business to make a cash deposit for the single hung | J. Chen Depo Transcript 9:14-24; L. Yu Depo Transcript 8:24 |

| | |
|---|---|
| window that Jimmy Chen ordered. | |
| 8.  Lu Yu picked up the GOODY window ordered by Jimmy Chen from Defendant's place of business. | L. Yu Depo Transcript 9:2-4 |
| 9.  Defendant GOODY gave Lu Yu an order invoice for the single hung window Jimmy Chen ordered and purchased. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4; J. Chen Depo. Transcript 8:24-9:6 |
| 10. Jimmy Chen retrieved the GOODY window he ordered from Lu Yu's house and brought it to Plaintiffs for inspection. | J. Chen Depo Transcript 9:21-24 |
| 11.  The product and order information on the order invoice for the GOODY window purchased by Jimmy Chen matches identically with the corresponding information on a sticker label placed on the window purchased. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 12.  Plaintiffs' have photographs of a sticker label on the window purchased by Jimmy Chen, which matches identically with the corresponding information on the order invoice for the window. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 13.  The "due date" on the order invoice for the window purchased by Jimmy Chen is listed as 10/8/2010. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 14.  The "due date" on the sticker label placed on the window purchased by Jimmy Chen is listed as 10/8/2010. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 15.  The "PO#" on the order invoice for the window purchased by Jimmy Chen is listed as *C-Li1007W1*. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 16.  The "PO#" on the sticker label placed on the window purchased by Jimmy Chen is listed as *C-Li1007W1*. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 17.  The "frame" information on the order invoice for the window purchased by Jimmy Chen is listed as "R.F." | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |

| 18. The "frame" information on the sticker label placed on the window purchased by Jimmy Chen is listed as "R.F." | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
|---|---|
| 19. The "item" information on the order invoice for the window purchased by Jimmy Chen is listed as "SH." | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 20. The "window" type on the sticker label placed on the window purchased by Jimmy Chen is listed as "SH." | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 21. The "size" information on the sticker label placed on the window purchased by Jimmy Chen is listed as "23 ¼ 35 ½. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 22. The "width" information on the order invoice for the window purchased by Jimmy Chen is listed as 23 ¼. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 23. The "height" information on the order invoice for the window purchased by Jimmy Chen is listed as 35 ½. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 24. The order invoice for the purchase of the window purchased by Jimmy Chen displays the name of Defendant's business GOODY WINDOWS & DOORS with an address at 12228 Barringer St, South El Monte, CA 91733 and a website address of www.goodywindowsdoors.com. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 25. Eight (8) of the ten (10) elements of the utility patent of the sash lock have been admitted by Defendant to be identical to elements of Defendant's sash lock. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶¶ 4 and 6; Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 3 |
| 26. The patented sash lock has a base housing having a bottom that is elongated and planar. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8 |
| 27. Defendant's sash lock has a base housing having a bottom that is | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; Clement |

| | |
|---|---|
| elongated and planar. | Cheng Decl. in Support of Motion for Summary Judgment at ¶ 3; Defendant's Response to Request No. 2 of Plaintiffs' Requests for Admission, Set One |
| 28.  The patented sash lock has a top housing fastened to the base housing. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; |
| 29.  Defendant's sash lock has a top housing fastened to the base housing. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; Clement Cheng Decl. at ¶ 3; Defendant's Response to Request No. 3 of Plaintiffs' Requests for Admission, Set One |
| 30.  The patented sash lock has two tubular posts located near the lateral ends of the bottom of the sash lock which supports mounting fasteners. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; |
| 31.  Defendant's sash lock has two tubular posts located near the lateral ends of the bottom of the sash lock which supports mounting fasteners. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 3; Defendant's Response to Request No. 5 of Plaintiffs' Requests for Admission, Set One |
| 32.  The patented sash lock has two tubular posts located near the bottom of the sash lock are connected to the base housing. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; |
| 33.  Defendant's sash lock has two tubular posts located near the bottom of the sash lock are connected to the base housing. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8;  Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 3; Defendant's Response to Request No. 6 of Plaintiffs' Requests for Admission, Set One |
| 34.  The patented sash lock has a button block extending laterally having a beleveled surface. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8 |
| 35.  Defendant's sash lock has a button block extending laterally having a beleveled surface. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; f Clement Cheng Decl. in Support of |

| | Motion for Summary Judgment at ¶ 3; Defendant's Response to Request No. 9 of Plaintiffs' Requests for Admission, Set One |
|---|---|
| 36. The patented sash lock has two opposite end tunnels that fit snuggly over two tubular posts located near the bottom of the sash lock to maintains linear translation perpendicular to the moving direction of the plunger, wherein the button block slides relative to the base housing of the sash lock. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8 |
| 37. Defendant's sash lock has two opposite end tunnels that fit snuggly over two tubular posts located near the bottom of the sash lock to maintains linear translation perpendicular to the moving direction of the plunger, wherein the button block slides relative to the base housing of the sash lock. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 3; Defendant's Response to Request No. 10 of Plaintiffs' Requests for Admission, Set One |
| 38. The patented sash lock has two holes formed in the bottom of the base housing located at both sides of the aperture on the upright front wall of the sash lock. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; |
| 39. Defendant's sash lock has two holes formed in the bottom of the base housing located at both sides of the aperture on the upright front wall of the sash lock. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 3; Defendant's Response to Request No. 14 of Plaintiffs' Requests for Admission, Set One |
| 40. The patented sash lock has a beleveled surface at a distal edge of a strike plate on the outer sash member to engage the beleveled lip portion of a plunger when the plunger rides over the strike plate. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8 |
| 41. Defendant's sash lock has a beleveled surface at a distal edge of a strike plate on the outer sash member | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; Clement Cheng Decl. in Support of Motion for |

| | |
|---|---|
| to engage the beleveled lip portion of a plunger when the plunger rides over the strike plate. | Summary Judgment at ¶ 3; Defendant's Response to Request No. 17 of Plaintiffs' Requests for Admission, Set One |
| 42.  The patented sash lock has a button block that has a height greater than the surrounding walls of the base housing of the sash lock. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8 |
| 43.  Defendant's sash lock has a button block that has a height greater than the surrounding walls of the base housing of the sash lock. | Jintian Ye Decl. in Support of Motion for Summary Judgment at ¶ 8; Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 3; Defendant's Response to Request No. 22 of Plaintiffs' Requests for Admission, Set One |
| 44.  In August or September of 2010, Defendant sold a single hung window, having all features of the sash lock and framing extrusion patents, to L.C. Plumbing, located at 3236 Peck Road, El Monte, CA 91731. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 2 |
| 45. A sticker label placed on the window sold to L.C. Plumbing is identical to the sticker label placed on the window purchased by Jimmy Chen. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 2 |
| 46.  A GOODY WINDOWS business card with GOODY WINDOWS' business address is taped to the window sold to L.C. Plumbing. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 2 |
| 47.  In or around November of 2010, Defendant sold a single hung window, having features of the patented sash lock and framing extrusion, to Walnut Valley Glass, located at 18519 E. Valley Blvd., City of Industry, CA 91744. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 3 |
| 48.  A sticker label placed on the window sold to Walnut Valley Glass is identical to the sticker label placed on the window sold to Jimmy Chen. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 3 |
| 49.  The sticker label placed on the | Shawn Wan Decl. in Support of Motion |

| | |
|---|---|
| window sold to Walnut Valley Glass is identical to the sticker label placed on the window sold to L.C. Plumbing. | for Summary Judgment at ¶ 3 |
| 50. A GOODY WINDOWS business card with GOODY WINDOWS' business address is taped to the window sold to Walnut Valley Glass. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 3 |
| 51. The GOODY WINDOWS business card taped on the window sold to L.C. Plumbing is identical to the GOODY WINDOWS business card taped on the window to Walnut Valley Glass. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶¶ 2 and 3 |
| 52. There are 20 windows installed in an apartment complex in Rosemead, which appear to be from Defendant. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 53. The twenty windows that are installed in an apartment complex in Rosemead, which windows appear to be from Defendant have the features of the patented sash lock. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶4 |
| 54. Tenants from Apartment No. 23 in the Rosemead apartment complex signed a written approval on July 9, 2011 to allow Plaintiffs to disassemble the installed window. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 55. Plaintiffs have numerous photographs that show the external view and internal mechanism of the sash lock used on the windows installed at the Rosemead apartment complex. | Shawn Wan Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 56. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know who is in charge of maintaining the sales records at GOODY WINDOWS. | X. Lu Depo Transcript 19:10-12 |
| 57. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY | X. Lu Depo Transcript 19:19-21 |

| | |
|---|---|
| WINDOWS says he does not know if GOODY WINDOWS maintains sales records. | |
| 58. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he is not sure who handles the order invoices at GOODY WINDOWS. | X. Lu Depo Transcript 27:16-19 |
| 59. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS issues invoices to customers. | X. Lu Depo Transcript 18:10-11 |
| 60. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS has ever issued an invoice. | X. Lu Depo Transcript 18:12-13 |
| 61. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS receives orders by facsimile. | X. Lu Depo Transcript 18:14-15 |
| 62. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS retains copies of invoices issued for the purchase of windows. | X. Lu Depo Transcript 18:16-18 |
| 63. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know what documents GOODY WINDOWS retains regarding customer purchases. | X. Lu Depo Transcript 18:19-21 |
| 64. Xiaoyue Lu who appeared for the | X. Lu Depo Transcript 18:22-23 |

| | |
|---|---|
| deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS has sales receipts. | |
| 65. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS maintains the sales summaries of products sold. | X. Lu Depo Transcript 18:24-19:1 |
| 66. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know who is in charge of maintaining the sales records at GOODY WINDOWS. | X. Lu Depo Transcript 19:10-12 |
| 67. Xiaoyue Lu who appeared for the deposition of the Person Most Knowledgeable for GOODY WINDOWS says he does not know if GOODY WINDOWS maintains sales records. | X. Lu Depo Transcript 19:19-21 |
| 68. Otto Chen, an assistant manager at GOODY WINDOWS, who was subpoenaed to testify at a deposition did not appear for the deposition. | Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 6 |
| 69. Defendant has not complied with a court order for a motion to compel the production of certain documents. | Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 4 |
| 70. Defendant did not provide responses to support its contention that the patents-in-suit are invalid or unenforceable. | Clement Cheng Decl. in Support of Motion for Summary Judgment at ¶ 3; Defendant's Response No. 20 to Plaintiffs" Interrogatories Propounded to Defendant, Set One. |
| 71. Defendant has never produced a sample of its framing extrusion to controvert Plaintiffs' claim of design infringement. | Defendant's Response No. 16 and No. 24 to Plaintiffs' Requests for Production of Documents, Set One. |
| 72. Defendant only has inadmissible hearsay to support invalidity and | X. Lu Depo Transcript 24:19-25 |

| unenforceability arguments. | |
|---|---|
| 73.  In ruling on Plaintiffs' motion for summary judgment, this Court held that Defendant infringed on U.S. Patent No. 7,731, 251, and U.S. Patent No. D545,979. | Court's Order entered October 17, 2011. |
| 74.  In ruling on Plaintiffs' motion for summary judgment, this court held that U.S. Patent No. 7,731, 251, and U.S. Patent No. D545,979 are valid and enforceable. | Court's Order entered October 17, 2011. |
| 75.  Plaintiffs incurred increased costs and expenses due to Defendant's infringing activities. | Jintian Ye Decl. in Support of Motion for Summary Adjudication at ¶¶3-6; Shawn Wan Decl. in Support of Motion for Summary Adjudication at ¶¶3-6 |
| 76.  Beginning in 2010, Defendant began selling an infringing window made of inferior quality and design, which mocked Plaintiffs' patented window. | Jintian Ye Decl. in Support of Motion for Summary Adjudication at ¶4; Shawn Wan Decl. in Support of Motion for Summary Adjudication at ¶4 |
| 77.  Plaintiffs changed the patented lock in order to compete with Defendant's sales. | Jintian Ye Decl. in Support of Motion for Summary Adjudication at ¶¶3-5; Shawn Wan Decl. in Support of Motion for Summary Adjudication at ¶¶3-5 |
| 78. Plaintiffs incurred costs in the amount of $97,719.60 when they changed the patented lock.  This figure is based on the difference between the costs incurred to make the original lock ($397,858.92) and the costs incurred to make the new lock ($495,578.52). | Jintian Ye Decl. in Support of Motion for Summary Adjudication at ¶5; Shawn Wan Decl. in Support of Motion for Summary Adjudication at ¶5 |
| 79.  Defendant was selling the infringing window in 2010 at a price lower than that charged by Plaintiffs. | Jintian Ye Decl. in Support of Motion for Summary Adjudication at ¶3; Shawn Wan Decl. in Support of Motion for Summary Adjudication at ¶3 |
| 80.  Beginning in 2010, Plaintiffs were forced to reduce the prices of their windows to compete with Defendant's infringing activities. | Jintian Ye Decl. in Support of Motion for Summary Adjudication at ¶3; Shawn Wan Decl. in Support of Motion for Summary Adjudication at ¶3 |
| 81.  Defendant's infringing activities forced Plaintiffs to offer discounts to | Jintian Ye Decl. in Support of Motion for Summary Adjudication at ¶3 and |

| | |
|---|---|
| their customers to prevent loss of business.  In January to June of 2010, Plaintiffs lost $94,208.00 due to price reductions.  In July to December of 2010, Plaintiffs lost $139,480.00 to reduce their prices further.  In January to October of 2011, Plaintiffs' discounts to customers caused a loss of $454,340.34.  In January to February of 2011, Plaintiffs lost an additional $20,995.26 after offering a special refund program to its customers in order to attract some of the customers lost by sales diversion. | ¶5; Shawn Wan Decl. in Support of Motion for Summary Adjudication at ¶3 and ¶5 |

| CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|
| 1.  This Court has subject matter jurisdiction of this adversary proceeding. | 28 U.S.C. §1338 |
| 2.  Venue in this district is proper. | 28 U.S.C. §1391 |
| 3.  Plaintiff's claims can be decided as a matter of law. | Fed. R. Civ. Pro. 56 |
| 4.  Partial summary is appropriate for part of Plaintiffs' claims. | Fed. R. Civ. Pro. 56(a) |
| 5.  No genuine issues of material fact exist regarding Defendant's patent infringement. | *Celotex v. Catrettl*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) |
| 6.  Defendants have infringed upon Plaintiff's patent because the parties' respective sash locks are deceptively similar to an ordinary consumer. | Under 35 U.S.C. § 271 |
| 7.  Defendant's sale of its single hung window to the public constitutes literal infringement of U.S. Patent No. 7,731,251. | *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983, 41 USPQ2d 1440, 1440 (Fed. Cir. 1997); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 821, 23 USPQ2d 1426, 1432 (Fed. Cir. 1992) |
| 8.  Defendant's sale of its single hung window to the public constitutes | *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983, 41 USPQ2d |

| | |
|---|---|
| infringement under the doctrine of equivalents. | 1440, 1440 (Fed. Cir. 1997) |
| 9. U.S. Patent No. D545,979 has been infringed by Defendant. | *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983, 41 USPQ2d 1440, 1440 (Fed. Cir. 1997) |
| 10. Compensatory damages based on lost profits are recoverable under patent statutes in infringement cases. | *Smithkline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1163, 17 USPQ2d 1922, 1924 (Fed. Cir. 1991) |
| 11. Plaintiffs' loss of profits can be based on a reasonable estimation of sales diversion, price erosion and increased expenses that would not have occurred but for Defendant's infringing activities. | *Festo Corp. v. Shoketsu Kinzoku Koygyo Kabushiki Co., Ltd.,* 72 F.3d 857, 867, 37 USPQ2d 1161, 1167-68 (Fed. Cir. 1995) |

Respectfully submitted.

Dated:
December 15, 2011

By:_____
CLEMENT CHENG.
Attorney for Plaintiff and Counter-defendants
FARSIGHTED ENTERPRISE. INC.. dba
VALUE WINDOWS & DOORS and JINTIAN
YE
(CA Bar #198359, Patent Bar #45463)

IT IS SO ORDERED

DATE_____ Jan. 4, 2012

_____
U.S. DISTRICT COURT JUDGE

# PROOF OF SERVICE

## FARSIGHTED ENTERPRISE, INC. DBA VALUE WINDOWS & DOORS, ET. AL V. GOODY WINDOWS AND DOORS, INC.

I, the undersigned, declare I am over the age of 18 and not a party to this action.  My business address is at 17220 Newhope Street, Suite 127, Fountain Valley, CA 92708.

On the date set forth below, I served:

**[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**
By placing true copies thereof in a seal envelope, addressed as follows to:

Ken Liang
Kenzl Law Offices
15333 Culver Dr., Ste 120
Irvine, CA 92604
Tel:  (888) 536-9552
Fax:  (888) 536-9584

*Attorney for Defendant*

☒  BY MAIL: I am readily familiar with the practice of the office for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, correspondence is put in the office outgoing mail tray for collection and is deposited in the U.S. Mail that same day in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☒  FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
Executed on December 15, 2011 at Fountain Valley, California.

Ava Tien

PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION
-14-